**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEXANDER DESHAWN GEORGE,

    Defendant.
_____/

Case No. 14-20119

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTON
FOR COMPASSIONATE RELEASE [530]**

Pending before the Court is Defendant's letter motion for compassionate release. (ECF No. 568.) In his motion, Defendant requests that pursuant to 18 U.S.C. § 3582(c)(1)(A) the Court convert the remainder of his sentence to a term of supervised release with a condition of home confinement. The government opposes the requested relief and has filed a response. (ECF No. 572.) Having reviewed the record in its entirety, the Court determines that a hearing is not necessary and finds that Defendant's motion should be **DENIED without prejudice**.

A district court may not grant a defendant's motion for compassionate release unless the defendant files it after the earlier of (1) the defendant "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit recently held that this exhaustion requirement is mandatory. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The Government argues the motion should be denied because Defendant has not presented evidence that he satisfied the mandatory administrative exhaustion requirement. The Government also notes that the Bureau of Prisons has no record of a request from Defendant for compassionate release. The Court finds that the Government is correct on this point. Under the Sixth Circuit's decision in *Alam*, Defendant's motion must be denied because Defendant failed to exhaust his administrative rights prior to seeking relief in this Court. *See* 960 F.3d at 834.

In addition, Defendant's motion fails because he does not identify extraordinary and compelling circumstances warranting his release under 18 U.S.C. § 3582(c)(1)(A). The United States Sentencing Commission has defined "extraordinary and compelling reasons." *See* U.S.S.G. § 1B1.13, comment n.1. There are extraordinary and compelling reasons for modification where "[t]he defendant is ... suffering from a serious physical or medical condition ... that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). An inmate's family circumstances may also qualify as extraordinary and compelling reasons. *See id.*

Here, most of Defendant's motion is dedicated to addressing the self-improvement steps he has taken while in BOP custody. Defendant does not establish the existence of a serious physical or medical condition that would constitute an extraordinary and compelling reason for a modification of his sentence. And although Defendant points to the threat of COVID-19 as part of the basis for his release, he does not demonstrate that he is within the category of individuals who face a potentially heightened risk of severe illness or death if or when they come into contact with the virus that has been found to

amount to extraordinary and compelling circumstances in other cases. The Court commends Defendant for working to improve himself and encourages him to continue these efforts. But Defendant's motion must be denied because he does not establish extraordinary and compelling circumstances warranting his release under 18 U.S.C. § 3582(c)(1)(A).

For these reasons, Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is **DENIED without prejudice**.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 23, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 23, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager