UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                  Case No. 14-20119

v.                                             Honorable Nancy G. Edmunds

ALEXANDER DESHAWN GEORGE, D-5,

    Defendant.
_____/

**OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE [586], DENYING MOTION FOR TRANSCRIPTS [541], AND GRANTING IN PART AND DENYING IN PART MOTION TO TERMINATE ATTTORNEY AND FOR EXTENSION OF TIME [542]**

Defendant Alexander Deshawn George is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution Pollock in Pollack, Louisiana. The matter is before the Court on Defendant's motions for compassionate release (ECF No. 586), for transcripts (ECF No. 541), and to terminate his attorney/ for an extension of time (ECF No. 542). The Government opposes Defendant's motion for compassionate release. (ECF No. 594.) The Court has reviewed the record in its entirety, including letters filed on Defendant's behalf (ECF No. 593, filed under seal), and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motions for compassionate release and for transcripts (ECF Nos. 586, 541) and GRANTS IN PART and DENIES IN PART Defendant's motion to terminate his attorney and for an extension of time (ECF No. 542).

1

## I. Background

From approximately 2007 through 2014, Defendant was a member and Lieutenant in the Detroit chapter of the violent Bounty Hunter Gang. His involvement in the gang led him to commit numerous illegal acts including carjacking and distributing controlled substances. Based upon this activity, Defendant was indicted and later pleaded guilty to RICO conspiracy in violation of 18 U.S.C. § 1962(d). In February 2016, this Court sentenced him to 216 months imprisonment.

In July 2020, Defendant moved for compassionate release based upon his efforts to rehabilitate himself while in prison and the coronavirus pandemic. (ECF NO. 568.) The Court denied the motion based upon Defendant's failure to exhaust his administrative remedies but also noted that Defendant failed to identify extraordinary and compelling reasons for release. (ECF No. 573.) Defendant, having exhausted his administrative remedies, now moves for compassionate release a second time. He is 27 years old and his projected release date is March 28, 2032.

## II. Motion for Compassionate Release

The compassionate release provision set forth in § 3582(c)(1)(A) allows district courts to reduce a term of imprisonment for "extraordinary and compelling reasons." *See United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). Historically, only the BOP's Director could bring a motion under this provision, but Section 603(b) of the First Step Act—titled "[i]ncreasing the use and transparency of compassionate release"—removed the BOP from this gatekeeper role and amended § 3582(c)(1)(A). *Jones*, 980 F.3d at 1104-05 (citing First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239). A defendant may now bring a motion for compassionate release on his own behalf after (1)

exhausting the BOP's administrative process, or (2) thirty days have passed from the warden's receipt of a request for release from the defendant—whichever is earlier. *Id.* at 1105. In his present motion, Defendant indicates that it has been "weeks past the 30 days" required by the exhaustion mandate. (ECF No. 586.) The Government does not dispute exhaustion. The Court therefore finds this threshold requirement to relief has been satisfied.

District courts in this circuit analyze compassionate release motions by engaging in a "three-step inquiry." *Jones*, 980 F.3d at 1101. Courts must (1) consider whether "extraordinary and compelling reasons warrant [a sentence] reduction;" (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). The Sixth Circuit has held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is not an applicable policy statement for compassionate release motions brought directly by defendants. *Id.* at 519. Thus, in such cases, a court need not consider § 1B1.13 and has the discretion to define "extraordinary and compelling." *Id.* at 519-20.

Here, as in his prior motion, Defendant has failed to provide extraordinary and compelling reasons that would warrant early release. Defendant identifies several family members that have been affected by the virus, but this information alone does not compel the Court to grant Defendant's motion. As the Government notes, if all that was necessary for a sentence modification was that an inmate's family was adversely impacted by COVID-19, prisoners would be released en masse during this once in a lifetime pandemic.

(ECF No. 594, PageID.7886.) Defendant's health records also show that he has not been diagnosed with any underlying health conditions that would place him at an increased risk of severe illness from COVID-19. Indeed, Defendant contracted and recovered from the virus last year and his medical records show he remained asymptomatic. (ECF No. 597, medical records filed under seal.)

Given that Defendant has not presented extraordinary and compelling reasons to warrant a sentence reduction, his motion for compassionate release is DENIED. *See Elias*, 984 F.3d 516 at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

### III. Motion for Transcripts

Defendant also requests that the Court forward to him copies of pretrial, trial, and sentencing transcripts without cost. (ECF No. 541.) But the Court is not required to provide transcripts to a defendant before he has asserted a facially viable claim. *United States v. Goston*, Case No. 15-cr-20694, 2018 U.S. Dist. LEXIS 230566, at *2 (E.D. Mich. Nov. 8, 2018); *See also* 28 U.S.C. § 753(f) (identifying circumstances under which a petitioner may be entitled to transcripts paid for by the United States). Because Defendant has no pending collateral attack, appeal, or motion to vacate, he is not entitled to free transcripts and his motion for the same is DENIED.

If he so choses, Defendant may purchase the documentation he seeks for a fee. Per Local Rule 80.1, "[a]ll requests for transcripts from any proceeding held in the United States District Court for the Eastern District of Michigan shall be in writing and addressed to the court reporter for the District Judge before whom the matter was heard."

## IV. Motion to Terminate Attorney and For Extension of Time

Finally, Defendant moves to terminate his attorney and for an extension of time to file "any type of meaningful motion for appeal." (ECF No. 542.) He states he has been unable to file an appeal because he does not have the full transcripts from this case. But, as discussed above, Defendant could have obtained transcripts by submitting a request in writing pursuant to L.R. 80.1. Moreover, the time for Defendant to file an appeal of his 2016 conviction has long since passed. *See* Fed. R. App. P. 4(b)(1)(A). Defendant's motion for an extension of time is therefore DENIED. Defendant may terminate his attorney and that portion of his motion is GRANTED.

## V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion for compassionate release (ECF No. 586) is DENIED; Defendant's motion for transcripts (ECF No. 541) is DENIED; and Defendant's motion to terminate attorney and for extension of time (ECF No. 542) is GRANTED IN PART AND DENIED IN PART with his request to terminate his attorney being GRANTED and his request for an extension of time to file an appeal being DENIED.

SO ORDERED.

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: May 10, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 10, 2021, by electronic and/or ordinary mail.

                                        s/Lisa Bartlett
                                        Case Manager