UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEXANDER DESHAWN GEORGE, D-5,

    Defendant.
_____/

Case No: 14-cr-20119

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT ALEXANDER GEORGE'S MOTION FOR SENTENCE REDUCTION [683]**

Defendant Alexander Deshawn George is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Pollack, Louisiana. (ECF No. 683, PageID.8471.) The matter is before the Court on Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 683.) The government opposes the motion. (ECF No. 685.) Defendant filed a reply. (ECF No. 687.) The Court has reviewed the record and finds that a hearing is not necessary. For the reasons set forth below, Defendant's motion is DENIED.

**I.    Background**

From approximately 2007 through 2014, Defendant was a member and Lieutenant in the Detroit chapter of the Bounty Hunter Gang. (ECF No. 603, PageID.7951.) His involvement in the gang led him to commit numerous illegal acts, including carjacking and distributing controlled substances. (*Id.*) Based on this activity, Defendant was indicted and later pleaded guilty to RICO conspiracy in violation of 18 U.S.C. § 1962(d). (*Id.*) In February 2016, this Court sentenced him to prison for 216 months. (*Id.*)

1

In July 2020, Defendant moved for compassionate release based on his efforts to rehabilitate himself while in prison and the coronavirus pandemic. (ECF No. 568.) The Court denied the motion because Defendant failed to exhaust his administrative remedies, but the Court also noted that Defendant failed to identify extraordinary and compelling reasons for release. (ECF No. 573.) Defendant again moved for compassionate release in December 2020 (ECF No. 586), and the motion was again denied for failure to demonstrate extraordinary and compelling circumstances (ECF No. 603, PageID.7953).

Defendant now makes a third request for early release; he asks the Court to reduce his sentence to time served and five years of supervised release. (ECF No. 683, PageID.8463.) Defendant principally argues that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 because his mother died in 2023, leaving his minor siblings without an adequate caregiver. (*Id.* at 8474–76.) Defendant also asserts that extraordinary and compelling reasons exist because of his youth at the time he committed his crimes; difficult circumstances during his upbringing; his efforts at rehabilitation while in prison; and the conditions during his confinement, including prison lockdowns. (*Id.* at 8476–82.)

**II.   Analysis**

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances." *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). The Court can consider a prisoner-filed motion for compassionate release only after the movant exhausts his administrative remedies or 30

2

days after he requests relief from the BOP. 18 U.S.C. § 3582(c)(1)(A); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (citing *United States v. Alam*, 960 F.3d 831, 833–35 (6th Cir. 2020)). Here, Defendant asserts that the exhaustion requirement was satisfied (ECF No. 683, PageID.8473), and the government does not argue otherwise.

If the exhaustion requirement is satisfied, the district court follows a "three step inquiry." *Jones*, 980 F.3d at 1101. Courts must (1) consider whether "extraordinary and compelling reasons warrant [a sentence] reduction"; (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021).

18 U.S.C. § 3582(c)(1)(A) does not describe what constitutes "extraordinary and compelling reasons," but an "applicable policy statement[] issued by the Sentencing Commission" does. *See United States v. Sandlain*, No. 24-1680, 2025 WL 476247, at *1 (6th Cir. Feb. 10, 2025) (noting that U.S.S.G. § 1B1.13, as recently amended, "now applies to compassionate-release motions filed by defendants, and it provides examples of circumstances that qualify as extraordinary or compelling reasons for granting compassionate release"). U.S.S.G. § 1B1.13 provides that "extraordinary and compelling reasons" include (1) serious medical circumstances, (2) a defendant's advanced age, (3) certain family circumstances, and (4) physical or sexual abuse suffered by the defendant while incarcerated. U.S.S.G. § 1B1.13(b)(1)–(4). The policy statement also includes a fifth provision for any "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through

3

(4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* § 1B1.13(b)(5).[1]

Here, Defendant does not establish "extraordinary and compelling reasons" warranting early release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. As relevant to Defendant's motion, extraordinary and compelling reasons exist in the event of "[t]he death or incapacitation of the caregiver of the defendant's minor child" or similar circumstances involving an "immediate family member," such as a grandparent, grandchild, or sibling, "when the defendant would be the only available caregiver for such family member or individual." U.S.S.G. § 1B1.13(b)(3)(A), (D). Defendant argues that "extraordinary and compelling reasons" exist under § 1B1.13 because his mother died in 2023, leaving his siblings without an adequate caregiver. (ECF No. 683, PageID.8474–76.) But the circumstances described by Defendant do not fit within the appliable policy statement because Defendant is not "the *only* available caregiver" for his siblings. U.S.S.G. § 1B1.13(b)(3)(D) (emphasis added). When Defendant filed his opening brief, the siblings were in the custody of his grandmother (ECF No. 683, PageID.8474–75), and he now represents that they are in the guardianship of "Aunt Mika," an apparent relative (ECF No. 687, PageID.8560).[2] Because there are other caregivers for Defendant's minor siblings, U.S.S.G. § 1B1.13(b)(3) does not contemplate compassionate release here.

---

[1] A sixth provision defines extraordinary and compelling reasons to include an "unusually long sentence" imposed before a change in sentencing law. U.S.S.G. § 1B1.13(b)(6). The Sixth Circuit recently held this provision invalid. *See United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025).

[2] Defendant does not assert that Aunt Mika is "incapacitated" for the purpose of § 1B1.13(b)(3).

As noted, even where none of the enumerated examples in the policy statement apply, the Court may consider any circumstance or combination of circumstances that is "similar in gravity" to the first four examples enumerated in the policy statement. U.S.S.G. § 1B1.13(b)(5). However, the remaining circumstances described by Defendant are not "similar in gravity" to the enumerated examples, or they cannot be considered by the Court at all as "extraordinary and compelling" reasons. For instance, Defendant discusses the difficult circumstances of his childhood and the relatively young age during which he engaged in the conduct for which he was convicted. (ECF No. 683, PageID.8476–81.) The Court may not consider these facts because they already existed at the time of sentencing. *See United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021) ("[F]acts that existed at sentencing cannot later be construed as 'extraordinary and compelling reasons' to reduce a final sentence."). Defendant also alleges that the conditions of his confinement were unusually harsh due to prison lockdowns during the Covid-19 pandemic, but "lockdowns are a routine fact of life for incarcerated defendants and are hardly extraordinary." *United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020). Moreover, the Court applauds the efforts at rehabilitation discussed in the motion, but "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Hunter*, 12 F.4th at 470 (quoting 28 U.S.C. § 994(t)).[3]

While the circumstances described in the motion are no doubt difficult for Defendant and his family, the Court does not find that them to be so serious as to be

---

[3] Insofar as the Court may consider Defendant's rehabilitation in combination with other circumstances, *see* U.S.S.G. § 1B1.13(d), the Court does not find the evidence of Defendant's rehabilitation so compelling as to warrant early release when considered in combination with the other facts already discussed, which the Court has already found unavailing for the reasons stated above.

5

"similar in gravity" to the circumstances enumerated in the policy statement, such as a terminal illness or physical or sexual abuse. *See* U.S.S.G. § 1B1.13(b)(1)–(5). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Given that Defendant has not presented extraordinary and compelling reasons to warrant a sentence reduction, the Court will not address the remaining statutory considerations. The motion for compassionate release is DENIED.

### III. Conclusion

For the foregoing reasons, Defendant's motion for compassionate release (ECF No. 683) is DENIED.

SO ORDERED.

                                         s/ Nancy G. Edmunds
                                         Nancy G. Edmunds
                                         United States District Judge

Dated: September 29, 2025

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2025, by electronic and/or ordinary mail.

                                         s/ Marlena Williams
                                         Case Manager